Rachel E. Kaufman (CSB# 259353)
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

*Counsel for Plaintiff and the putative Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD LIPP JR., individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>ALEJANDRO OBESO JR., a California resident,<br><br>*Defendant.* | CIVIL ACTION FILE NO.<br><br>'25CV3115 WQHBJW<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Richard Lipp Jr. ("Plaintiff Lipp" or "Lipp") brings this Class Action Complaint and Demand for Jury Trial against Defendant Alejandro Obeso Jr. ("Defendant" or "Obeso") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all people injured by Defendant's conduct. Plaintiff Lipp, for this Complaint, alleges

as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Lipp is a resident of Corpus Christi, Texas.

2. Defendant Obeso is a resident of Chula Vista, California who places calls to consumers throughout the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is located in this District and the wrongful conduct giving rise to this case was directed by the Defendant from this District.

## INTRODUCTION

5. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls 3.7 million complaints in 2019 alone. The States likewise field a constant barrage of

complaints. For nearly 30 years, the people's representatives in Congress have been fighting back". *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in September 2025 alone, at a rate of 135.1 million per day. www.robocallindex.com (last visited October 23, 2025).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Obeso is a real estate agent for Premier Agency Real Estate[3] who operates his own property buying/flipping business:

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www2.dre.ca.gov/publicasp/pplinfo.asp?License_id=01398536



[4]

14. Obeso engages in cold calling to generate business.

15. This cold call includes placing pre-recorded calls, as per Plaintiff's experience.

16. Complaints have been posted online about unsolicited calls, including pre-recorded calls that consumers received from Obeso, including:

- "This guy has been illegally contacting me via text and ***voice mail*** for years asking to buy my house."[5] (emphasis added)
- "***Robocalls that ring once and go right to voicemail*** with unknown on the caller ID. I rated him on Yelp a few years ago, and he contacted me asking for my number so he could remove me from his calling list, ya sure. You are soliciting and ***I am on the do not call list***."[6] (emphasis added)

[4] https://www.facebook.com/profile/61571245172943/search/?q=cash
[5] https://www.google.com/search?q=alex+obeso
[6] Id.

- "***Unsolicited text messages*** asking me to contact him about selling our home. If this is what he has to resort to to try and get business, it tells me all I need to know about him."[7] (emphasis added)
- "Unwanted text from him soliciting my property. Very unethical.."[8]
- "Calls multiple times daily even after having been asked to stop contacting. Scam Scam Scam."[9]
- "Calls several times daily. Texts several times. I asked him not to do so and he keeps doing it. Must be a scam."[10]

17. In response to these calls, Plaintiff Lipp brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF LIPP'S ALLEGATIONS**

18. Plaintiff Lipp is the sole owner and user of his cell phone number ending in 0339.

19. Plaintiff Lipp's cell phone has a 619 California area code, but he resides in Corpus Christi, Texas.

20. Plaintiff Lipp did not own a property in California.

21. On April 26, 2025, at 12:01 PM, Plaintiff Lipp received an unsolicited call to his cell phone from 541-395-1241.

22. This call was not answered, but a pre-recorded voicemail was left:

---

[7] Id.
[8] Id.
[9] Id.
[10] https://www.yelp.com/biz/alex-obeso-keller-williams-realty-el-cajon-2




23. On May 5, 2025, at 5:46 PM, Plaintiff Lipp received a 2nd unsolicited call to his cell phone from 458-254-2125.

24. This call was not answered, but a pre-recorded voicemail was left:




25. Plaintiff Lipp believes that voicemails are pre-recorded because they are identical to each other.

26. The voicemails are both 31 seconds in length, contain the exact same generic wording, the same pauses and diction, the same period of silence before the

voicemail ends, and because the voicemails are identical despite a 9-day separation between the 2 voicemails.

27. The voicemails ask Plaintiff Lipp to call 877-653-7127.

28. 877-653-7127 is the phone number for Alex (Alejandro) Obeso:



[11]

29. The voicemails that Plaintiff Lipp received from Obeso are solicitations as they ask Plaintiff if he is interested in selling his property.

30. When a consumer accepts a cash offer on a property, they are incurring a cost as a result of the depreciated property value they receive.

[11] https://www.facebook.com/alexobesorealtor

31. Flipperforce, a real estate platform, explains that there is a 70% rule formula that property buyers use to evaluate how much a property should be purchased for, which generally equates to the value of the property minus 15% in repair costs and 15% in profit:


FAQ

**Why Do House Flippers Use 70%?**

In order to successfully flip houses you need to buy properties at a big enough discount to make a profit and cover all of the other 'Fixed Costs' (buying, holding, selling & financing costs).

When you multiply the After Repair Value by 70% you are discounting the property by 30% to cover your Profit and Fixed Costs.

Generally speaking, the 30% reduction is broken down as roughly 15% for your Profit and 15% for the Fixed Costs.

[12]

32. Plaintiff Lipp has never done business with Obeso.

33. Plaintiff Lipp has never provided his cell phone number to Obeso.

34. Plaintiff Lipp does not own a property in California, and Obeso operates primarily in San Diego, California.[13]

35. Plaintiff Lipp never provided consent to Obeso to receive solicitation calls to his cell phone, including calls that were placed using a pre-recorded message.

36. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Obeso have harmed Plaintiff Lipp in the form of annoyance,

[12] https://www.flipperforce.com/how-to-flip-houses/chapter-4-how-to-analyze-house-flip-deals/70-percent-rule-formula?utm_source=chatgpt.com
[13] https://www.facebook.com/alexobesorealtor

nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone, in addition to the mental distress they caused.

37. Seeking redress for these injuries, Plaintiff Lipp, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

38. Plaintiff Lipp brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Obeso called on their cellular telephone number (2) using an artificial or pre-recorded voice.

39. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Lipp anticipates the need to amend the Class definition following appropriate discovery.

40. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i. whether Defendant Obeso placed pre-recorded voice message calls to Plaintiff Lipp and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

ii. whether the calls constitute a violation of the TCPA;

iii. whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

iv. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

42. **Adequate Representation**: Plaintiff Lipp will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Lipp has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Lipp

and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff Lipp nor his counsel have any interest adverse to the Class.

43. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Lipp. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Lipp and the Pre-recorded No Consent Class)**

44. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

45. Defendant Obeso transmitted unwanted telephone calls to Plaintiff Lipp and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

46. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Lipp and the other members of the Pre-recorded No Consent Class.

47. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Lipp and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lipp requests a jury trial.

**RICHARD LIPP JR.**, individually and on behalf of all others similarly situated,

DATED this 12th day of November, 2025.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
KAUFMAN P.A.

237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*